111 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Guadalupe Jaime FAVELA, aka Guadalupe Favela-Rodriguez,
Defendant-Appellant.
 No. 95-10363.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 11, 1997.
Decided April 8, 1997.
 
 Before: WHITE, Associate Justice, Retired;* CANBY and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jaime Guadalupe Favela appeals his sentence on the ground that the district court failed to determine whether he was convicted of manufacturing L-methamphetamine or D-methamphetamine. He agrees that our review is for plain error, and we conclude that there was none. The PSR calculated his base offense level by reference to the Drug Quantity Table's specification for D-meth. U.S.S.G. § 2D1.1 (1994). Favela objected to the quantity attributed to him, but not to the assumption that whatever the quantity, the offense level would be the level for D-Meth. Nothing in the trial or sentencing record suggested the possibility that the methamphetamine involved could be a different type. While we have since held that the government has the burden of proving what type of methamphetamine is involved, United States v. Dudden, 65 F.3d 1461 (9th Cir.1995), neither Favela by objecting, nor anything in the record indicating the possibility of L-meth, put the government to its proof in this case, requiring a specific D-meth finding by the district court.
 
 
 3
 We decline to consider Favela's ineffective assistance of counsel claims, as the record is insufficiently developed for direct review. United States v. Quintero-Barraza, 78 F.3d 1344, 1347 (9th Cir.), cert. denied, 117 S.Ct. 135 (1996).
 
 
 4
 Because Favela should have been sentenced in the alternative on his convictions for continuing criminal enterprise and conspiracy to avoid double jeopardy concerns, see Rutledge v. United States, 116 S.Ct. 1241, 1247 (1996); United States v. Medina, 940 F.2d 1247, 1252-53 (9th Cir.1991), we must remand for the district court to vacate its judgment on the conspiracy counts in light of Favela's CCE conviction.
 
 
 5
 AFFIRMED IN PART; REMANDED IN PART.
 
 
 
 *
 The Honorable Byron R. White, Associate Justice of the United States Supreme Court (Ret.), sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3